## COMMONWEALTH *vs.* CHARLES THRASHER.

A juror who states that he has heard of the case upon which he is summoned to sit, but has not heard enough to form any opinion, and is not sensible of any bias or prejudice, is competent to sit upon the jury.

Allowing this question to be put by the Commonwealth to a reluctant witness, on direct examination, at a trial for unlawfully selling intoxicating liquors, " Do you mean to say to the jury that you have not drunk liquor there within three months? " is no ground of exception.

Upon the trial of an indictment for being a common seller of intoxicating liquors, there was evidence tending to show sales in a building kept by the defendant as a tavern; the judge instructed the jury that delivery in any other place than a dwelling-house was *prima facie* evidence of sale; and they returned a verdict of guilty, and, in answer to a question of the judge, said they found but two payments had been made. *Held*, that the defendant had no ground of exception.

INDICTMENT for being a common seller of intoxicating liquors Trial in the court of common pleas, in Franklin, before *Briggs,* J., who allowed these exceptions :

" Before the jury was empanelled, the court, at the request of the defendant's counsel, asked the jurors whether they had formed or expressed any opinion, or were sensible of any bias, in the case, or had heard the case talked about. Solomon A. Howe, a juror, being sworn, said : ' I never saw the defendant but once before I saw him here ; heard that there was such a

case, but nothing particular; have not heard facts enough talked of to form any opinion. I am not sensible of any bias or influence in my mind to lead me one way or the other; heard them talking about it together; did not pay any particular attention. I am not sensible of any bias.' The defendant objected to this juryman as not sufficiently disinterested and impartial to try the case; but the judge overruled the objection, and allowed the juror to sit.

" Samuel Sampson was called as a witness by the government, who testified as follows: ' I reside in New Salem; I know the defendant; I have had liquor of him; I cannot tell when; my memory is not good. I cannot tell whether I have had liquor of him since January 1st.' At this point the district attorney asked the witness this question : ' Do you mean to say to the jury, sir, that you do not remember whether you have drunk liquor there within three months ? ' The question was objected to by defendant's counsel; but the court, considering the witness a reluctant witness, overruled the objection.

" There was evidence tending to show that the sales or deliveries were in a room, which was a sort of grocery, or place of public resort, and a part of a tavern, kept by the defendant as a tavern. The court instructed the jury that delivery of liquor in any other place than a private dwelling-house or its dependencies was *prima facie* evidence of sale; and if liquor was delivered by the defendant in the store room, out of the bar room, and no payment proved, the delivery would be *prima facie* evidence of sale, and the government would be entitled to a verdict upon such delivery. And the court further stated to the jury that it might be well for them to be prepared to answer the question, when they came in, whether payment was proved in three instances.

" The jury rendered a verdict of guilty, and the court asked the foreman whether they found proof of payment was made in three cases. The foreman said that only two sales were paid for. The defendant alleged exceptions."

*W. Griswold,* for the defendant, cited, to the first point, Rev. Sts. *c.* 95, § 27 ; Declaration of Rights, art. 29 ; *Hesketh* v. *Brad-*

*dock,* 3 Bur. 1847 ; *Commonwealth* v. *Webster,* 5 Cush. 295 ; *Commonwealth* v. *Eagan,* 4 Gray, 20 ; to the second, 1 Stark. Ev. (4th Amer. ed.) 123 ; 1 Greenl. Ev. § 434 ; *Moody* v. *Rowell,* 17 Pick. 498 ; *Commonwealth* v. *Welsh,* 4 Gray, 535 ; and to the third, *St.* 1855, *c.* 215, § 17.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. 1. The objection that Solomon A. Howe was improperly sworn and allowed to sit as a juror on the trial of the defendant cannot be sustained. Nothing resulting from his examination was sufficient to show that he was incompetent, or in any respect disqualified to act in that capacity. He disclosed, in reply to the interrogatories proposed to him, that he knew there was such a case as this, and had heard persons talking with each other about it; but he declared that he paid little attention to their conversation, had not heard facts enough to form any opinion, and was sensible of no bias of mind which would lead him one way or the other to any conclusion in rela- tion to it. Taking all this together, it fully appears that he had formed no opinion concerning the accusation against the defend- ant, was under the influence of no bias or prejudice in favor of or against either party, and he stood in a position in which he could justly and conscientiously discharge his duty as a juror. He was therefore properly permitted and required to serve in that office upon the trial.

2. It is, under the circumstances stated in the bill of excep- tions, no sufficient cause for disturbing the verdict, that the dis- trict attorney was permitted to put to the witness Sampson the particular interrogatory which was objected to by the de- fendant. It does not appear that it elicited a reply which had relation to any period of time in respect to which the production of evidence in support of the prosecution was incompetent; and it is not suggested that there was in fact anything disclosed in it, of which he had a right to complain. The limits of the ex- amination of a witness, in matters of form, and the manner in which it shall be conducted, must always rest, to a considerable extent, in the discretion of the judge before whom the trial takes place ; and upon a revision of his ruling in these par·

ticulars, it ought to be affirmed, unless it is made to appear that it involved a positive violation of the rules of evidence, or that it may have materially affected the rights of a party against whose objection it was made.

3. Exception was taken at the trial to the instructions given to the jury. But no error in those instructions has been pointed out; and the defendant's counsel, in his argument upon the questions of law reserved, has only contended that, assuming that those instructions were correct, the verdict of the jury was certainly against the evidence laid before them. If this were so, it would afford good cause for setting aside the verdict, upon a motion to that effect; but would fail altogether to show that there was any error in the instructions of the court upon the matters of law involved in the issue. There was evidence before the jury of several sales made by the defendant at different times; and this evidence consisted in part of proof that the liquor named by the purchaser was actually paid for, and in part of proof that the liquor was delivered at places other than a private dwelling-house. And it was obviously this distinction to which the question of the court and the answer of the foreman of the jury referred. There was nothing in the answer to show that the jury had not passed upon the whole question submitted to them, and found that the defendant had made such number of sales as would, within the provisions of the statute, constitute him a common seller. *St.* 1855, *c.* 215, § 17.

*Exceptions overruled.*